McKiNNET, J.,
delivered the opinion of the court.
This was a motion for judgment against the defendant, Bankin, as former Sheriff of Marion county, and his sureties, for failure to make due and proper return of an execution, placed in the hands of one of his deputies, in favor of the plaintiff, against one Smith, for four hundred and ninety-three dollars and twenty-seven cents, issued from the office of the circuit court of Bledsoe county. The motion was refused by the circuit court, and the case comes here by an appeal in error.
The rebwrn is as follows: “Come to hand the 24th Sept., 1850. Levied on one hundred and thirty acres of land on the north-west side of Sequatchy river, in the first civil district of Marion county, adjoining the lands of Jeremiah Hatfield, Williams’ heirs and others, this 26th - 1850.” “E. A. Leage, Dep. Sh’ff.”
“Offered the within land for sale at the court-house door, and there was no bidder. This 8th November, 1850. E. A. Leage, Dep. Sh’ff.”
On the hearing in the circuit court, it was proved, that said execution was placed in the hands of said Deputy Sheriff, by the son of the plaintiff, who at the same time, informed said deputy, that the defendant in the execution had no personal property, but that he had a piece of land, which must be levied on forthwith, or he might mate way with that also; and urged said deputy to go and levy on the land immediately, and he accordingly made the levy on the land the same day.
The 'question upon this record, is not, as to the sufficiency of the rebwrn, in itself considered; nor as to the duty imposed by law upon the officer in such case; but simply -this: whether or not the plaintiff, upon the proof *84 in tbis case, can bold tbe Sheriff liable to a judgment on motion for tbe insufficiency of tbe return; and we bold it to be clear that be cannot.
The remedy given by tbe statute, by motion, is merely a substitute for the more tedious and expensive common law remedy of an adñon on the case/ consequently, whatever would constitute a valid defense for tbe officer in an action on tbe case, ought to be equally available as a defense in tbe statutary proceeding by motion.
There is, as declared by Lord Mansfield, an essential difference between actions of trespass and actions on the case. Tbe former are strieti juris ; but tbe latter are founded upon tbe mere justice and conscience of tbe plaintiff’s case, and are in tbe nature of a bill in equity, lienee, whatever in equity and good conscience would, under tbe circumstances of tbe case, preclude tbe plaintiff from a recovery, may be given in evidence, under the general issue, to defeat tbe action. 1 Cbitty’s PI. p. 649, American ed., 1840.
To declare in tbis case, -that tbe plaintiff might bold tbe sheriff responsible for a return made, upon a statement of facts furnished -by bis own agent, and at bis own urgent solicitation, is a proposition too monstrous to require more than to be stated. There is no error in tbe judgment, and it will be affirmed.